Mr. Justice Merrick
delivered the opinion of the court:
This was a bill filed for the purpose of restraining the holder of a certificate of assessment for a certain special tax, the District of Columbia, and its tax collector, from proceeding to sell the property for the non-payment of that tax. It has been undoubtedly the practice recognized in this jurisdiction, where the mere naked case of the levy of an illegal tax exists, and all the evidences touching the levy and the proceedings for making that levy are of definite record and accessible to the world, that relief in chancery has not been granted against the enforcement of the tax, because there was a complete and perfect remedy at law for the possessor of the property who might always defend himself successfully in an action at law against the enforcement of a tax which, upon its face, was illegal and void. We do not propose to disturb that practice by our present decision.
But the Supreme Court of the United States, in its latest ruling in the case of the Union Pacific Bailroad Company against Cheyenne, reported in 113 U. S., at pages 525, 526, summarily states the jurisdiction of chancery in this class of cases in an extract from Judge Cooley’s work on Taxation, to which they give their unqualified approval as a succinct statement of the rules of law applicable to the intervention of chancery to restrain the collection of an illegal *405 tax. And there they reaffirm the doctrine that while a court of chancery will not intervene where the invalidity of the tax is perfectly apparent on the face of the proceeding, unless other circumstances exist touching the lévy of the tax which would render its enforcement oppressive or would irreparably injure the party, or where the predicament of the case is such that allowing it to remain until enforced or attempted to be enforced would throw a cloud upon the- title of the party, thus creating a serious impediment to his just rights and the quiet enjoyment of his property. Those are the general principles.
Now the application of them to this case is this: There was, according to the allegations of the bill, a levy or an attempt to levy a special tax with a-view to opening and improving an alley in a certain part of this city. The proceedings which were taken in respect of that, it is alleged, were illegal and void, and therefore there was no just tax laid and no just demand against the property. But at the same time it is alleged, as the foundation of the application to th'e jurisdiction of this court, that although those proceedings were irregular, yet so much of them as is preserved, to wit, the certificate in the hands of the holder of the assessment and levy of this tax, is presumptively and upon its face correct and creates a cloud upon the title, and that the intermediate proceedings from the commencement up to this apparently regular burthen upon the property have been by some casualty lost or mislaid, so that the parties are entirely without the necessary evidence as to whether the tax was legal or illegal, and of course without the necessary evidence to protect that property against the unjust assault and claim of the party holding this certificate of special assessment.
A part of his bill, and the gravamen of his bill, is that it is necessary for him, in order that he may have complete relief and redress against the threatened oppression, to have a discovery from the District of Columbia and from its collector and from the holder of the tax, of all the proceedings which were enacted in the progress of the levy, so that there *406 may he a full ascertainment and exact evidence presented accessible to all parties for the purpose of determining whether or not that tax, in point of fact, was regular and lawful.
These allegations present a case for relief -within the broadest principles of chancery jurisdiction, bnsed upon the ground of accident and the necessity for a discovery from the defendant for the protection of the plaintiff in his legal rights. And where the foundation is laid for a discovery in aid of a legal right according to the well settled principles announced by the Supreme Court of the United States (though more expansive of jurisdiction than the doctrine in England), equity will not only grant the discovery, but will proceed upon the discovery to administer relief to the party, so as not to subdivide the subject-matter of controversy and entail a multiplicity of suits and unnecessary expense and delay. Rupee vs. Clark’s Ex’rs, 7 Cranch, 89.
In this case, although the first bill certainly was altogether defective and inartificial and did not present a proper case for redress in chancery, the amended bill states explicitly, as the main ground for applying to chancery, the necessity for a discovery of the evidence which no longer rests in record nor in the proper depositaries for the safe keeping of such muniments of title, and asks for such discovery and for relief consequent upon such discovery.
The court is clearly of opinion that this brings the plainliff’s case within the predicaments stated by Judge Cooley, and presents a proper case for the intervention of chancery in regard to the levying of an illegal tax and for an injunction in aid of his just demands. For these reasons the court reverses the decree below, overrules the demurrer, and remand the case for further proceedings according to the equity that may be developed between the parties.